IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE A. FOX,

                Plaintiff,

  v.                                              OPINION & ORDER

SALAM SYED, JESSICA SEIDEL, SARAH ROSS,        14-cv-541-jdp
CYNTHIA RYAN, JESSICA GARCIA,
and ELISA DEMET,

                Defendants.

---

Plaintiff Michelle A. Fox brings claims that Dane County Jail medical staff failed to properly treat her surgical wound when she was incarcerated there for several days in 2013. At the time plaintiff filed her complaint, she was incarcerated in the state of Wisconsin prison system, but she was released during this case.

In previous orders, I denied plaintiff's motions for the court's assistance in recruiting her counsel. Dkt. 17, at 7-8; Dkt. 39, at 3. She has now filed a renewed motion for recruitment of counsel. Dkt. 45. Defendants have filed a motion for summary judgment, Dkt. 58, to which plaintiff has not directly responded. Rather, she has filed a motion to "withdraw" the case, stating that given her release from prison, she "do[es] not have the time, resources or skills necessary to prepare a defense to challenge [defendants]." Dkt. 65, at 1. I construe this as a request for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Defendants state that they do not oppose plaintiff's voluntary dismissal of the case.

Although plaintiff's renewed motion for recruitment of counsel predates defendants' motion for summary judgment and plaintiff's request for voluntary dismissal, it seems likely that the request for voluntary dismissal is at least in part premised on her not having counsel.

I will address her motion for counsel to make clear that I would not grant it based on the record before me.

Defendants' summary judgment materials provide a significantly different version of events that plaintiff's allegations. For instance, plaintiff alleged that when she was returned to state prison after her treatment by defendants, her wound was severely infected, forcing prison staff to give her a "deep cleaning" of the wound and leading to her hospitalization. Dkt. 17, at 4-5. But the medical records provided by defendants suggest that plaintiff did not feel pain from the surgical wound and it had no signs of acute infection. *See* Dkt. 60-1, at 1-3. Rather, plaintiff was suffering from neck pain, respiratory infection, and urinary tract infection. *Id*.

This raises the question whether the case would truly involve complex medical issues outstripping plaintiff's ability to litigate them, or whether the case would boil down to the credibility of the parties. Usually, I would not consider recruiting counsel in this situation without plaintiff either submitting opposing summary judgment materials making clear that the factual disputes are ones demonstrating the need for counsel, or otherwise showing that she is incapable of litigating the case. Because plaintiff has not done so, I will deny her motion for recruitment of counsel.

This leaves plaintiff's request for voluntary dismissal under Rule 41(a)(2). Because defendants state that they do not oppose plaintiff's voluntary dismissal, I conclude that it is appropriate to grant her request and close this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Michelle A. Fox's motion for recruitment of counsel, Dkt. 45, is DENIED.

2. Plaintiff's motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), Dkt. 65, is GRANTED. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered February 19, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge